UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROYEL PAGE,

    Petitioner,

v.

                                                                                       Case No. 22-cv-1263-pp

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER DENYING AS PREMATURE AND WITHOUT PREJUDICE MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (DKT. NO. 1)**

---

    On July 30, 2021, a federal jury convicted the petitioner on thirteen counts. United States v. Page, 17-cr-175-pp (E.D. Wis.), Dkt. No. 569. On November 15, 2021, Judge Michael Scudder sentenced the defendant to serve ninety months in prison. Id. at Dkt. Nos. 593, 594. Fourteen days later, on November 29, 2021, the petitioner timely filed a notice of appeal from his conviction and sentence. Id. at Dkt. No. 597. That appeal remains pending. See USA v. Royel Page, Case No. 21-3221 (Seventh Circuit Court of Appeals). The petitioner is represented by counsel for the appeal; oral argument is scheduled for November 9, 2022 at 9:30 a.m.

    On October 24, 2022, the petitioner filed with this court a motion under 28 U.S.C. §2255 to vacate, set aside or correct his sentence. Page v. United States, Case No. 22-cv-1263-pp (E.D. Wis.), Dkt. No. 1. The petitioner prepared this motion himself, without the assistance of counsel.

    The court will dismiss the motion as premature and will not address the merits of the petitioner's claims. "The well established rule is that, absent extraordinary circumstances, the district court should not consider § 2255

1

motions while a direct appeal is pending." United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1992) (collecting cases). "The rationale for the rule is a sound one: 'the disposition of the appeal may render the [§ 2255] motion moot.'" Id. (quoting Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968)). Although there is "no bar to raising a Section 2255 motion while the appeal is pending," DeRango v. United States, 864 F.2d 520, 522 (7th Cir. 1988) (citing United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979)), the Seventh Circuit has "held on more than one occasion that a district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances," United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999) (citing Robinson).

The petitioner has not identified any extraordinary circumstances that justify this court departing from the well-established rule. If the petitioner is successful on his appeal to the Seventh Circuit, this §2255 motion may become moot. And there is no need for the petitioner to file a §2255 petition at this point. Section 2255(f) gives an incarcerated person one year from the date his conviction becomes "final" to file a §2255 motion. A federal defendant's judgment of conviction becomes "final" either when the United States Supreme Court affirms it on the merits or declines to review it or, if the defendant does not seek Supreme Court review, when the deadline for filing a petition for *certiorari* expires. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (citing Clay v. United States, 537 U.S. 22, 27 (2003)).

The petitioner's conviction has not become final. The Seventh Circuit has not affirmed his conviction (it has not even heard oral argument on the appeal yet). If the Seventh Circuit does affirm his conviction, he will have ninety days from the date the Seventh Circuit enters judgment to file a petition for a writ of

2

*certiorari* with the United States Supreme Court seeking review of the Seventh Circuit's decision. If he decides not to seek review with the Supreme Court, he will have a year from the date that ninety-day period expires to file his §2255 petition. If he decides to seek review with the Supreme Court, he will have one year from the date the Supreme Court either refuses to grant *certiorari* or decides his case to file his §2255 motion. Either way, he has plenty of time.

The court will deny the motion without prejudice. That means that once the petitioner's conviction becomes final, he may file a new §2255 motion (including all the claims he wishes to bring).

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Dkt. No. 1.

The court **ORDERS** this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of October, 2022.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **Chief United States District Judge**